UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ARLENDA LAWSON,** *Plaintiff* | § § § | |
| **v.** | § § | **CASE NO. 1:20-CV-658-LY-SH** |
| **MARTA TALBERT, ET AL,** *Defendants* | § § § § | |

## O R D E R

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 6) and Plaintiff's First Amended Complaint (Dkt. 5), both filed June 26, 2020.[1] On June 22, 2020, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[2]

### I.   Motion to Proceed *In Forma Pauperis*

Plaintiff Arlenda Lawson asks to file this lawsuit without paying the filing fee. After reviewing her Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or

---

[1] Plaintiff has filed numerous other motions in this matter. Dkts. 2, 7, 9, 10, 11, 12, 16, 17, 18. The Court will address these motions after it has completed its review under 28 U.S.C. § 1915(e)(2)(B).

[2] Although Plaintiff filed a Petition for Writ of Mandamus in the Fifth Circuit Court of Appeals on July 8, 2020, Dkt. 19, the Court retains jurisdiction over this case. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1409 (5th Cir. 1995).

malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, the Court orders Plaintiff to file a More Definite Statement before the Court can complete its review under § 1915(e)(2). Therefore, service on Defendants should be withheld pending the Court's review of the More Definite Statement.

## II.   Section 1915(e)(2) Frivolousness Review

### A.   Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer her "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Complaint

This lawsuit arises out of alleged civil rights violations committed by employees of the Texas Department of Family and Protective Services ("DFPS"), Texas Child Protection Services, the Austin Police Department ("APD"), and Austin-Travis County EMS.[3] The events giving rise to this suit include a DFPS investigation and the subsequent removal of Plaintiff's daughter from her custody. Plaintiff claims that DFPS "kidnapped" her child. Dkt. 5 at 2. Plaintiff also claims that Defendants denied her the right to choose appropriate medical care for her child. *Id*. Plaintiff alleges that employees of each entity conspired to violate 34 U.S.C. § 12601, 42 U.S.C. § 12132, and 18 U.S.C. §§ 241, 242. Additionally, Plaintiff alleges that employees of each entity conspired to deprive her of her constitutional rights under the First and Ninth Amendments.

#### 1. Claims Against APD Officers

Plaintiff alleges that APD Officers conspired to violate her constitutional rights when they allowed DFPS to remove her child from her custody and deny Plaintiff the right to decide the appropriate medical care for her child. Dkt. 5 at 2. Plaintiff also alleges that APD officers violated her constitutional rights when they denied her the right to pray in a public location and refused to file a police report related to DFPS's alleged kidnapping of her daughter. Dkt. 5 at 2, 11, 16-17.

---

[3] Plaintiff filed a related lawsuit against Baylor Scott & White Clinic and several of its employees in this Court based on the same events giving rise to the instant case. *Lawson v. Baylor Scott & White*, Case No. 1:20-CV-0674-LY-SH (W.D. Tex. June 26, 2020). The undersigned has recommended dismissal of that case under 28 U.S.C. § 1915(e)(2)(B) for frivolousness.

Plaintiff's claims against the APD Officers implicate the doctrine of qualified immunity. "The doctrine of qualified immunity shields [public] officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (internal quotation marks omitted). "Qualified immunity constitutes an immunity from suit rather than a mere defense to liability." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). Qualified immunity should be determined "at the earliest possible stage of litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

There is a presumption that qualified immunity applies in lawsuits against public officials. *Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014). To overcome the presumption of qualified immunity, a plaintiff must show that (1) the defendant's violation of a constitutional or statutory right; and (2) the "right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted). "The clearly established law must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal quotation marks omitted).

Plaintiff alleges that APD Officers violated her First Amendment right to the free exercise of religion. Plaintiff's Amended Complaint, however, does not include sufficient facts for the Court to determine whether she has alleged a plausible First Amendment claim. *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (per curiam). In order for the Court to determine whether Plaintiff has alleged a plausible § 1983 claim against the APD Officers, Plaintiff is **ORDERED** to file a More Definite Statement that, at a minimum, answers the following questions:

> (1) Why were the officers present on the scene?
>
> (2) Who summoned the officers to the scene?
>
> (3) What did the officers say to her before she began praying?

(4) What were she and the officers doing just before she started praying?

(5) What did the officers say to her when they ordered her to stop praying?

(6) Did the officers issue any citations to her or anyone else at the scene?

(7) Did the officers arrest her for praying?

### 2. Claims Against Austin-Travis County EMS

Plaintiff also names several Austin-Travis County EMS employees as defendants, but fails to allege any facts against these defendants to support her constitutional claims. The Court thus is unable to determine whether she has a plausible claim for relief under § 1983 as to these defendants. Accordingly, Plaintiff is **ORDERED** to file a More Definite Statement that answers the following questions:

(1) Which of her constitutional rights did Austin-Travis County EMS employees allegedly violate?

(2) How did the Austin-Travis County EMS employees allegedly violate Plaintiff's constitutional rights?

### III.  Conclusion

Plaintiff is **ORDERED** to file a More Definite Statement answering the questions above by **July 31, 2020.** Failure to fully comply with this Order by the deadline will result in the Court's recommendation that the entire case be dismissed.

**SIGNED** on July 20, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5